**AMRA INDUSTRIES INC.,**
**Plaintiff–Appellant,**

v.

**GTE MOBILNET OF SAN DIEGO, a corporation, Defendant–Appellee.**

No. 99–56087.

D.C. No. CV–97–02315–JNK/JAH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2001.

Decided March 7, 2001.

Before TASHIMA and FISHER, Circuit Judges, and ZILLY, District Judge.*

MEMORANDUM **

Appellant AMRA Industries, Inc. ("AMRA") appeals a decision of the district court granting summary judgment to Appellee GTE Mobilnet of San Diego ("GTE"). Because the parties are familiar with the facts, we recite them only briefly here. AMRA filed suit against GTE for breach of contract. The alleged contract involved the purchase by AMRA from

GTE of wholesale cellular telecommunications services for resale on the retail market in the San Diego area. GTE forwarded to AMRA a proposed contract with a letter explaining that GTE was prepared to execute the agreement upon AMRA's compliance with four conditions. AMRA failed to provide evidence to GTE that it had fulfilled any of the requisite conditions before GTE formally revoked its offer on June 2, 1997.

■ We have jurisdiction under 28 U.S.C. § 1291. A district court's grant of summary judgment is reviewed de novo. *See Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir.2000). A district court's decision on an issue of state law is reviewed de novo. *See Mastro v. Witt*, 39 F.3d 238, 241 (9th Cir.1994).

■ It is well established that the acceptance of an offer must conform to the terms of the offer. *See* Cal.Civ.Code § 1585. The terms of a proposed offer "must be met exactly, precisely and unequivocally for its acceptance to result in the formation of a binding contract." *Apablasa v. Merritt & Co.*, 176 Cal.App.2d 719, 1 Cal.Rptr. 500, 505 (1959). Moreover, an offer to enter into a written agreement may contain conditions precedent. In such cases, a valid contract will not be held to exist if the conditions are not satisfied. *See Haines v. Bechdolt*, 231 Cal.App.2d 659, 42 Cal.Rptr. 53, 55 (1965) (holding invalid a written and signed contract because a condition precedent to the contract's effectiveness had not been satisfied).

■ GTE's initial October 16, 1996 letter to AMRA enclosing the proposed Reseller Agreement stated: "Please be ad-

---

* The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

**590**

vised that before GTE can execute this Agreement, GTE requires the following items. . . ." The letter, therefore, clearly established conditions precedent to contract formation, as to which AMRA failed to comply.

AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.